UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUANITA TORRES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ROY OWENS CONSTRUCTION | § | |
| COMPANY AND CHRISTOPHER | § | |
| LACEY | § | |

### INDEX OF MATTERS BEING FILED

Case Docket Sheet

10/23/15    Plaintiff's Original Petition

10/29/15    Citation for Service on Roy Owens Construction Company,
*via its Registered Agent for Service, CT Corporation*
• Certificate of Return of Service on Roy Owens Construction Company,
served 11/04/15

10/29/15    Citation for Service on Christopher Lacey, *via the Texas long-arm statute*
• Certificate of Return of Service on Christopher Lacey, served 11/04/15

10/29/15    Citation for Service on Christopher Lacey, *via the Texas long-arm statute*
• Certificate of Return of Service on Christopher Lacey, served 11/10/15

11/24/15    Defendants' Original Answer

Respectfully submitted,

By:      /s/David J. Dunn

David J. Dunn, Attorney-in-Charge
State Bar No. 06243500; Fed. ID No. 2438
611 S. Upper Broadway
Corpus Christi, Texas 78401
361-883-1594
361-883-1599 Telecopy
dunndj@swbell.net

ATTORNEY-IN-CHARGE FOR DEFENDANTS, ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY

OF COUNSEL:
DUNN, WEATHERED, COFFEY & KASPERITIS, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
361-883-1594
361-883-1599 Telecopy

## CERTIFICATE OF SERVICE

I, David J. Dunn, do hereby certify that a true and correct copy of the foregoing instrument was forwarded in accordance with the Federal Rules of Civil Procedure on this the 1st day of December, 2015, to the following:

**Via Electronic Service**
Thomas J. Henry
Greg W. Turman
THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401

ATTORNEYS FOR PLAINTIFF

/s/ David J. Dunn

David J. Dunn

2

Court Center Docket Review. Case History Header.                    Page 1 of 1

Case 2:15-cv-00482   Document 1-2   Filed on 12/01/15 in TXSD   Page 3 of 28

**iDocket.com**

Your gateway to court case information

Search | Case History | Parties | Attorneys | Links | Services

[ All ] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at

**iDocket.com**

View Case Track™    —    Start Case Track™

Civil Docket; Case S-15-5901CV-A 684644; Injury or Damage Involving Motor Vehicle
JUANITA TORRES vs ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY
Filed 10/23/2015 - Disposition:
36th District Court, District Clerk, San Patricio County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|---|---|---|---|---|
| 10/23/2015 | Original Petition (OCA) | | " | .00 |
| 10/23/2015 | Civil Case Information Sheet | | " | .00 |
| 10/23/2015 | Request Request for Process Sheet-Attorney to Mail Service Copies W/Return Envelope Per Efile Instructions | | " | .00 |
| 10/23/2015 | Jury Fee Paid (OCA) PAID VIA EFILE ON 10/23/2015 | | " | .00 |
| 10/29/2015 | Attorney Cover Letter REGARDING SERVICE COPIES FOR CITATIONS | | " | .00 |
| 10/29/2015 | Citation ISS TO ROY OWENS CONSTRUCTION COMPANY VIA REG. AGENT: CT CORPORATION SYSTEM- MAILED BACK TO ATTY FOR PRIVATE SERVIC E | | " | .00 |
| 10/29/2015 | Citation ISS TO CHRISTOPHER LACEY VIA TEXAS TRA NSPORTATION COMMISSION-MAILED BACK TO ATTY FOR PRIVATE SERVICE | | " | .00 |
| 11/24/2015 | Answer Answer/Response | | " | .00 |

© 1999 Solutions, Inc. All rights reserved.                                    User ID: DWCRKRPC
Unauthorized access is prohibited. Usage will be monitored.          Viewed as of: November 25, 2015, time: 09:55:02
Agreements

Filed 10/23/2015 3:24:36 PM
Laura M. Miller
District Clerk
San Patricio County, Texas

S-15-5901CV-A

CAUSE NO. _____

| | | |
|---|---|---|
| **JUANITA TORRES** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | San Patricio County - 36th District Court |
| | § | |
| | § | _____**JUDICIAL DISTRICT** |
| **ROY OWENS CONSTRUCTION** | § | |
| **COMPANY and CHRISTOPHER** | § | |
| **LACEY,** | § | |
| *Defendants* | § | **SAN PATRICIO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **JUANITA TORRES**, hereinafter referred to by name or as Plaintiff, and complains of **ROY OWENS CONSTRUCTION COMPANY** and **CHRISTOPHER LACEY,** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.**
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under Level 3 Pursuant to RULE 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

**RECEIVED**

NOV 10 2015

**GENERAL COUNSEL**

**II.**
### PARTIES

2.    Plaintiff, **JUANITA TORRES** is an individual residing in San Patricio County, Texas.

3.    Defendant, **ROY OWENS CONSTRUCTION COMPANY** is a foreign corporation doing business in the State of Texas and can be served through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

4.    Defendant, **CHRISTOPHER LACEY** is an individual residing outside of the State of Texas and may be served with process in accordance with the Texas long-arm statute by serving

Processed On: 10/23/2015 4:32:36 PM
By:Melinda Barrientes, Deputy Clerk

Tyron D. Lewis, Chairman, Texas Transportation Commission at 125 E. 11ᵗʰ Street, Austin, Texas 78701-2483 as his agent for service because this defendant is a nonresident of Texas and this suit grows out of a collision in which this defendant was involved while operating a motor vehicle in Texas pursuant to § 17.062(a) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. The Chairman shall mail those items required by § 17.063 of the TEXAS CIVIL PRACTICE & REMEDIES CODE to this defendant at his residence at 39604 County Road 123, Malden, MO 63863-9034.

## III.
## JURISDICTION & VENUE

5.      This Court has jurisdiction over the parties because the amount in controversy exceeds the jurisdictional limits of this Court at the time of filing this suit, which, with the passage of time may change.      Additionally, this Court has jurisdiction over the parties because Defendant **CHRISTOPHER LACEY** was involved in a wreck in Texas while operating a motor vehicle and Defendant **ROY OWENS CONSTRUCTION COMPANY** conducts business in the State of Texas.

6.      Venue is proper in San Patricio County under § 15.002(a) (1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because this is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

## IV.
## FACTS

7.      On or about March 28, 2015 at approximately noon, Plaintiff **JUANITA TORRES** was driving her vehicle in a prudent and lawful manner southbound on US Hwy 181 frontage road in or near Portland, San Patricio County, Texas.  Plaintiff's vehicle was stopped behind another stopped vehicle at a traffic signal at the intersection of US Hwy 181 frontage road and Buddy Ganem.  A 2010 Chevrolet Silverado Truck, being driven by Defendant **CHRISTOPHER**

**LACEY** which was owned and maintained by Defendant **ROY OWENS CONSTRUCTION COMPANY** suddenly and without warning slammed into the rear of Plaintiff's vehicle.  As a result of being hit from behind, Plaintiff's vehicle was shoved into the rear of the stopped vehicle in front of her.   At the time of the incident made the basis of this lawsuit, Defendant **CHRISTOPHER LACEY** was in the course and scope of her employment with Defendant **ROY OWENS CONSTRUCTION COMPANY.**

8.      The above-referenced acts and/or omissions by Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) of the CIVIL PRACTICE & REMEDIES CODE.  Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

**V.**
**CAUSES OF ACTION – ROY OWENS CONSTRUCTION COMPANY**

*A.  RESPONDEAT SUPERIOR*

9.      The Defendant, **ROY OWENS CONSTRUCTION COMPANY** is liable under the doctrine of *Respondeat Superior* in that **CHRISTOPHER LACEY** was operating the vehicle in the course and scope of his employment with Defendant, **ROY OWENS CONSTRUCTION COMPANY** at the time of the collision.

10.     At the time of the occurrence of the act in question and immediately prior thereto, **CHRISTOPHER LACEY,** was within the course and scope of his employment with Defendant, **ROY OWENS CONSTRUCTION COMPANY.**

11.     At the time of the occurrence of the act in question and immediately prior thereto, **CHRISTOPHER LACEY** was engaged in the furtherance of Defendant, **ROY OWENS**

**CONSTRUCTION COMPANY's** business.

12.     At the time of the occurrence in question and immediately prior thereto **CHRISTOPHER LACEY** was engaged in accomplishing a task on behalf of **ROY OWENS CONSTRUCTION COMPANY** for which **CHRISTOPHER LACEY** was employed.

13.     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, **ROY OWENS CONSTRUCTION COMPANY.**

   *B.   NEGLIGENCE*

14.     Defendant **ROY OWENS CONSTRUCTION COMPANY,** was also independently negligent in one or more of the following respects:

      a.      negligent hiring of **CHRISTOPHER LACEY;**

      b.      negligent entrustment of the vehicle to **CHRISTOPHER LACEY;**

      c.      negligent driver qualifications;

      d.      negligent training and supervision of **CHRISTOPHER LACEY;** and

      e.      negligent retention of **CHRISTOPHER LACEY.**

15.     As described herein, Defendant, **ROY OWENS CONSTRUCTION COMPANY,** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

16.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

   *C.   GROSS NEGLIGENCE*

17.     The above-referenced acts and/or omissions by Defendants constitute gross negligence

and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

18.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

19.     Defendants had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiff and others.

20.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**VI.**
**CAUSES OF ACTION- CHRISTOPHER LACEY**

A. *NEGLIGENCE*

21.     The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **CHRISTOPHER LACEY**, who operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

i.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

ii.  in failing to timely apply the brakes of the vehicle in order to avoid the collision

in question;

    iii.   in failing to turn the vehicle in an effort to avoid the collision in question;

    iv.   in failing to blow the vehicle's horn warning of imminent danger;

    v.   in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

    vi.   in failing to maintain a safe following distance;

    vii.   in failing to control the speed of his vehicle in violation of Texas Transportation Code §545.351; and

    viii.   in such other acts or omissions as may be determined by discovery in this matter.

22.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

    B.  *GROSS NEGLIGENCE*

23.    Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

24.    The acts and/or omissions by Defendants outlined herein constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

25.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

   *C.  NEGLIGENCE PER SE*

26.     Further, Defendant **CHRISTOPHER LACEY** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.351 pursuant to the Negligence Per Se Doctrine that mandates:

   **§545.351 Maximum Speed Requirements**

   (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
   (b) An operator:
      (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
      (2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.
   (c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
      (1) The operator is approaching and crossing an intersection or railroad grade crossing;
      (2) The operator is approaching and going around a curve;
      (3) The operator is approaching a hill crest;
      (4) The operator is traveling on a narrow or winding roadway; and
      (5) A special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

27.     Further, Defendant **CHRISTOPHER LACEY** failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code §545.062(a) pursuant to the Negligence Per Se Doctrine that mandates:

   **§545.062 Following Distance**

   (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

28.     Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes negligence and negligence per se and gross negligence that proximately caused the

collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES

29.     By reason of all of the above, Plaintiff has suffered losses and damages that exceeds the jurisdictional limits of this Court.

30.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff **JUANITA TORRES** suffered severe bodily injuries to her neck, head and lower back.   As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff's injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and wellbeing.  Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

31.     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

32.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

33.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

34.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION DOLLARS ($1,000,000.00)** and a demand for judgment for all other relief to which Plaintiff deems herself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

35.     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## IX.
## REQUESTS FOR DISCLOSURE

36.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose and respond within fifty (50) days after service of the citation and petition with the information or material described in Rule 194.2 (a) through (1).

## X.
## DEMAND FOR JURY TRIAL

37.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.  The jury fee is hereby tendered.

## XI.
## NOTICE OF SELF-AUTHENTICATION

38.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are

hereby noticed that the production of any document in response to written discovery authenticates

the document for use against that party in any pretrial proceeding or at trial.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be

cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against

Defendants in an amount that exceeds the jurisdictional limits of this Court, together with all pre

judgment and post judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited

to:

     1.     Pain and suffering in the past;

     2.     Pain and suffering in the future;

     3.     Mental anguish in the past;

     4.     Mental anguish in the future;

     5.     Past medical expenses;

     6.     Future medical expenses;

     7.     Physical impairment in the past;

     8.     Physical impairment in the future;

     9.     Physical disfigurement in the past;

     10.     Physical disfigurement in the future;

     11.     Pre judgment interest;

12.     Post judgment interest;

13.     Exemplary damages;

14.     Lost wages in the past;

15.     Loss of future wage earning capacity; and

16.     Property damage and/or loss of use of Plaintiff's vehicle.

Respectfully submitted,

**THOMAS J. HENRY INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: */s/ Greg W. Turman*_____
        Thomas J. Henry
        State Bar No. 09484210
        Greg W. Turman
        State Bar No. 00785123
        *e-mail: gturman-svc@tjhlaw.com
        **ATTORNEYS FOR PLAINTIFF**
        ***Service by e-mail to this address only***

San Patricio County - 36th District Court

# CIVIL CASE INFORMATION SHEET

S-15-5901CV-A

Filed 10/23/2015 3:24:36 PM
Laura M. Miller
District Clerk
San Patricio County, Texas

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED Juanita Torres vs. Roy Ownes Construction Company and Christopher Lacey
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Greg W. Turman  **Email:** gturman-svc@tjhlaw.com | **Plaintiff(s)/Petitioner(s):** Juanita Torres | [X] Attorney for Plaintiff/Petitioner  [ ] *Pro Se* Plaintiff/Petitioner  [ ] Title IV-D Agency  [ ] Other: |
| **Address:** 521 Starr Street  **Telephone:** 361-985-0600 | **Defendant(s)/Respondent(s):** Roy Owens Construction Company  Christopher Lacey | Additional Parties in Child Support Case:  **Custodial Parent:** |
| **City/State/Zip:** Corpus Christi, Texas 78401  **Fax:** 361-985-0601 | | **Non-Custodial Parent:** |
| **Signature:**  **State Bar No:** 00785123 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ Condemnation | [ ] Annulment | [ ] Enforcement |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition | [ ] Declare Marriage Void | [ ] Modification—Custody |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title | *Divorce* | [ ] Modification—Other |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title | [ ] With Children | **Title IV-D** |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: | [ ] No Children | [ ] Enforcement/Modification |
| | [ ] Legal | | | [ ] Paternity |
| *Foreclosure* | [ ] Medical | | | [ ] Reciprocals (UIFSA) |
| [ ] Home Equity—Expedited | [ ] Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | [ ] Support Order |
| [ ] Other Foreclosure | | [ ] Expunction | [ ] Enforce Foreign Judgment | |
| [ ] Franchise | [X] Motor Vehicle Accident | [ ] Judgment Nisi | [ ] Habeas Corpus | **Parent-Child Relationship** |
| [ ] Insurance | [ ] Premises | [ ] Non-Disclosure | [ ] Name Change | [ ] Adoption/Adoption with Termination |
| [ ] Landlord/Tenant | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Protective Order | [ ] Child Protection |
| [ ] Non-Competition | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— Pre-indictment | [ ] Removal of Disabilities of Minority | [ ] Child Support |
| [ ] Partnership | [ ] Other Product Liability List Product: | [ ] Other: | [ ] Other: | [ ] Custody or Visitation |
| [ ] Other Contract: | | | | [ ] Gestational Parenting |
| | [ ] Other Injury or Damage: | | | [ ] Grandparent Access |
| | | | | [ ] Parentage/Paternity |
| | | | | [ ] Termination of Parental Rights |
| | | | | [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | |
| [ ] Retaliation | [ ] Antitrust/Unfair Competition | [ ] Perpetuate Testimony | | |
| [ ] Termination | [ ] Code Violations | [ ] Securities/Stock | | |
| [ ] Workers' Compensation | [ ] Foreign Judgment | [ ] Tortious Interference | | |
| [ ] Other Employment: | [ ] Intellectual Property | [ ] Other: | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult | |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor | |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health | |
| | [ ] Other Estate Proceedings | [ ] Other: | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Processed On: 10/23/2015 4:32:58 PM
By:Melinda Barrientes, Deputy Clerk

Rev 2/13

 CT Corporation

**Service of Process Transmittal**
11/04/2015
CT Log Number 528104482

TO: Mona Lewis
Roy Owens Construction Company
2300 N Douglass St
Malden, MO 63863-1138

RE: **Process Served in Texas**

FOR: ROY OWENS CONSTRUCTION COMPANY  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Juanita Torres, Pltf. vs. Roy Owens Constructions Company and Christopher Lacey, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return of Service, Original Petition, Information Sheet |
| **COURT/AGENCY:** | In the District Court San Patricio County 36th District Court, TX<br>Case # S155901CVA |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - March 28, 2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/04/2015 at 10:15 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Greg W. Turman<br>THOMAS J. HENRY INJURY ATTORNEYS<br>521 Stair Street<br>Corpus Christi, TX 78401<br>361-985-0600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781653036092 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / DS

Information displayed on this transmittal is for C I Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NOV 2 3 2015

LAURA M. MILLER
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387



GREG W. TURMAN
LAW OFFICE OF
THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TX 78401

# CITATION

TO:   **ROY OWENS CONSTRUCTION COMPANY**
      **REGISTERED AGENT: CT CORPORATION SYSTEM**
      **1999 BRYAN STREET, SUITE 900**
      **DALLAS, TX 75201-3140**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on October 23, 2015, numbered S-15-5901CV-A on the docket of said Court, and styled,

**JUANITA TORRES**
VS.
**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND CIVIL CASE INFORMATION SHEET** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 29th day of October, 2015.

Laura M. Miller, District Clerk
San Patricio County, Texas

By: _____
Melinda Barrientes, Deputy

## RETURN OF SERVICE

S-15-5901CV-A      36th District Court

**JUANITA TORRES**

VS.

**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant Roy Owens Construction Company, Registered Agent: CT Corporation System, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**

1999 BRYAN STREET, SUITE 900

DALLAS, TX 75201-3140

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___.m., and executed in _____County, Texas by delivering to each of the within defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|

And not executed as to the defendant(s),_____

The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:                                                              _____, Officer

Serving Petition and Copy $_____              _____, County, Tx

Total                    $_____                                 _____, Deputy

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form :

"My name is_____, my date of birth is _____, and my

(First, Middle, Last)

Address is _____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

ID# & Expiration of Certification

**Texas Department of Transportation**

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

November 6, 2015

Christopher Lacey
39604 County Road 123
Malden, MO 63863-9034

Re:   OGC No. 41528
      Cause No. S-15-5901CV-A
      San Patricio County
      Plaintiff: Juanita Torres
      Defendant: Christopher Lacey

Mr. Lacey:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Requests for Disclosure on November 4, 2015.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc:   Greg W. Turman
      Attorney at Law
      521 Starr Street
      Corpus Christi, TX 78401
      Telephone (361) 985 0601

U.S. Certified Mail No. 7015 0640 0004 4922 0048
Return Receipt Requested

OUR GOALS
MAINTAIN A SAFE SYSTEM • ADDRESS CONGESTION • CONNECT TEXAS COMMUNITIES • BEST IN CLASS STATE AGENCY

*An Equal Opportunity Employer*

LAURA M. MILLER
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387



GREG W. TURMAN
LAW OFFICE OF
THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TX 78401

**ORIGINAL**

# CITATION

TO:   **CHRISTOPHER LACEY**
      **BY AND THROUGH:**
      **THE TEXAS TRANSPORTATION COMMISSION**
      125 E. 11ᵀᴴ STREET
      AUSTIN, TX 78701-2483

(39604 COUNTY ROAD 123
MALDEN, MO 63863-9034)



DELIVERED
11/4/2015
By _____
Austin Process, LLC

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on October 23, 2015, numbered S-15-5901CV-A on the docket of said Court, and styled,

**JUANITA TORRES**
VS.
**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND CIVIL CASE INFORMATION SHEET** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas on this the 29th day of October, 2015.

## RECEIVED

NOV 0 4 2015

## GENERAL COUNSEL

Laura M. Miller, District Clerk
San Patricio County, Texas

Melinda Barrientes, Deputy

**RETURN OF SERVICE**

S-15-5901CV-A    36th District Court
JUANITA TORRES
VS.
ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant Christopher Lacey by and through the Texas Transportation
Commission, on the _____ day of _____, 20 ____.

_____, Officer
_____, County, Texas
By: _____, Deputy

ADDRESS FOR SERVICE
125 E. 11TH STREET            (39604 COUNTY ROAD 123
AUSTIN, TX 78701-2483        MALDEN, MO 63863-9034)

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock ___.m., and executed in
_____County, Texas by delivering to each of the within defendants in person, a true copy of this citation with
the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and
places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees:
Serving Petition and Copy $_____           _____, Officer
Total                    $_____            _____, County, Tx
                                               _____, Deputy

_____
Affiant

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form :
"My name is_____, my date of birth is _____, and my
          (First, Middle, Last)
Address is _____.
          (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____, County, State of _____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
ID# & Expiration of Certification

LAURA M. MILLER
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387



GREG W. TURMAN
LAW OFFICE OF
THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TX 78401



# CITATION

TO:   **CHRISTOPHER LACEY**
      **BY AND THROUGH:**
      **THE TEXAS TRANSPORTATION COMMISSION**
      125 E. 11TH STREET
      AUSTIN, TX 78701-2483

      **(39604 COUNTY ROAD 123**
      **MALDEN, MO 63863-9034)**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on October 23, 2015, numbered S-15-5901CV-A on the docket of said Court, and styled,

**JUANITA TORRES**
VS.
**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND CIVIL CASE INFORMATION SHEET** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 29th day of October, 2015.

Laura M. Miller, District Clerk
San Patricio County, Texas

**RECEIVED**

NOV 0 4 2015

**GENERAL COUNSEL**

By: _____
    Melinda Barrientes, Deputy

**RETURN OF SERVICE**

S-15-5901CV-A      **36th District Court**
**JUANITA TORRES**
VS.
**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**
Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant Christopher Lacey by and through the Texas Transportation
Commission, on the_____ day of _____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**
125 E. 11TH STREET              (39604 COUNTY ROAD 123
AUSTIN, TX 78701-2483             MALDEN, MO 63863-9034)

**OFFICER'S RETURN**
Came to hand on the _____day of _____, 20____, at _____o'clock ___.m., and executed in
_____County, Texas by delivering to each of the within defendants in person, a true copy of this citation with
the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and
places, to-wit:
**NAME**                    **DATE/TIME**                    **PLACE, COURSE & DISTANCE FROM COURTHOUSE**

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:
Serving Petition and Copy $_____          _____, Officer
Total                  $_____          _____, County, Tx
                                      _____, Deputy
                                      _____
                                      Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form :
"My name is_____, my date of birth is _____, and my
          (First, Middle, Last)
Address is _____.
          (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____, County, State of_____, on the _____ day of
_____.

_____
Declarant/Authorized Process Server

_____
ID# & Expiration of Certification

# Texas Department of Transportation

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

November 16, 2015

Christopher Lacey
39604 County Road 123
Malden, MO 63863-9034

Re:     OGC No. 41534
        Cause No. S-15-5901CV-A
        San Patricio County
        Plaintiff: Juanita Torres
        Defendant: Christopher Lacey

Mr. Lacey:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosure on November 10, 2015.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc:     Greg W. Turman
        Attorney at Law
        521 Starr Street
        Corpus Christi, TX 78401
        Telephone (361) 985 0600

U.S. Certified Mail No. 7015 0640 0004 4922 0093
Return Receipt Requested



DELIVERED
11/10/15
By Jmc SCH 11266
Austin Process, LLC

LAURA M. MILLER
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387

GREG W. TURMAN
LAW OFFICE OF
THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TX 78401

COPY

# CITATION

TO: **CHRISTOPHER LACEY**
**BY AND THROUGH:**
**THE TEXAS TRANSPORTATION COMMISSION**
125 E. 11TH STREET
AUSTIN, TX 78701-2483

**(39604 COUNTY ROAD 123**
**MALDEN, MO 63863-9034)**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on October 23, 2015, numbered **S-15-5901CV-A** on the docket of said Court, and styled,

**JUANITA TORRES**
**VS.**
**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND CIVIL CASE INFORMATION SHEET** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 29th day of October, 2015.

**RECEIVED**

NOV 10 2015

**GENERAL COUNSEL**

Laura M. Miller, District Clerk
San Patricio County, Texas

By: _____
Melinda Barrientes, Deputy

**RETURN OF SERVICE**

**S-15-5901CV-A       36th District Court**

**JUANITA TORRES**

**VS.**

**ROY OWENS CONSTRUCTION COMPANY AND CHRISTOPHER LACEY**

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant Christopher Lacey by and through the Texas Transportation Commission, on the_____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**

125 E. 11TH STREET        **(39604 COUNTY ROAD 123**

AUSTIN, TX 78701-2483        **MALDEN, MO 63863-9034)**

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___.m., and executed in _____County, Texas by delivering to each of the within defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

**NAME**                  **DATE/TIME**                  **PLACE, COURSE & DISTANCE FROM COURTHOUSE**

And not executed as to the defendant(s),_____

The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:                                                                               _____, Officer

Serving Petition and Copy $_____                       _____, County, Tx

Total                            $_____                       _____, Deputy

_____

Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form :

"My name is_____, my date of birth is _____, and my

(First, Middle, Last)

Address is _____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of

_____.

_____

Declarant/Authorized Process Server

_____

ID# & Expiration of Certification

CAUSE NO. S-15-5901CV-A

| | | |
|---|---|---|
| JUANITA TORRES | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 36th JUDICIAL DISTRICT |
| | § | |
| ROY OWENS CONSTRUCTION | § | |
| COMPANY and CHRISTOPHER | § | |
| LACEY | § | SAN PATRICIO COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Roy Owens Construction Company and Christopher Lacey, (hereinafter "Defendants") Defendants in the above entitled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition and for such answer say as follows:

I.

Defendants generally deny the allegations of Plaintiff Juanita Torres in this cause and upon this denial demand a trial of the issues.

II.

Defendants demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial, Plaintiff take nothing by her suit but that Defendants have judgment plus costs of Court and such other and further relief to which they may be entitled, either at law or in equity.

Respectfully submitted,

**DUNN, WEATHERED, COFFEY,
RIVERA & KASPERITIS, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361)883-1594
(361)883-1599 Fax
Dunndj@swbell.net


BY:    /s/ David J. Dunn
       David J. Dunn
      State Bar No. 06243500

**ATTORNEYS FOR DEFENDANTS
ROY OWENS CONSTRUCTION COMPANY
and CHRISTOPHER LACEY**


## CERTIFICATE OF SERVICE

      I, David J. Dunn, do hereby certify that a true and correct copy of the foregoing instrument was forwarded in accordance with the Texas Rules of Civil Procedure on this the    24th    day of November , 2015, to the following:

*via E-file:*
Mr. Greg W. Turman
**THOMAS J. HENRY INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401

             /s/ David J. Dunn
             DAVID J. DUNN

- 2 -